OPINION OF THE COURT
Edgar G. Walker, J.
Defendant, Yacahudah Harrison, stands currently charged with assault in the third degree (Penal Law § 120.00 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]) and criminal possession of weapon in the fourth degree (Penal Law § 265.01 [2]).
Defendant has moved for an order pursuant to CPL 30.30 and 170.30 (1) (e) dismissing the charges on the ground that the People have not been ready to proceed to trial within the statutorily mandated 90 days.
*668 Both sides agree that the adjournment granted from February 4, 1992 to February 26, 1992 is determinative of this motion. If the time is charged to the People, the motion must be granted; if excludable, the motion must be denied.
Both sides further agree, based upon the minutes of the adjournment, that the adjournment was requested by the People because the complainant, although not herself hospitalized, was at the bedside of her infant son who was then hospitalized.
The People claim that the adjournment is excludable pursuant to CPL 30.30 (4) (g) in that it was due to the unavailability of evidence material to the People’s case (the testimony of the complainant) which would become available within a reasonable period of time. The defendant claims that the adjournment is includable since complainant could have been brought to court if the People had exercised due diligence.
"The unavailability of a principal prosecution witness, for medical reasons, is a sufficient exceptional circumstance to warrant the exclusion of the period of delay.” (People v Goodman, 41 NY2d 888, 889.) That the medical reasons relate to the witness’ infant son and not to the witness herself does not alter the underlying rationale. This court rejects the notion that due diligence requires the People forcibly to drag a mother from her infant child’s hospital bedside for them to meet their speedy trial obligation.
The defendant’s motion to dismiss is, therefore, denied.